United States District Court
**EASTERN DISTRICT OF TEXAS**
SHERMAN DIVISION

| | | |
|---|---|---|
| STMICROELECTRONICS, INC. | § | |
| | § | |
| V. | § | CASE NO. 4:05CV45 |
| | § | (Judge Schneider/Judge Bush) |
| SANDISK CORPORATION | § | |

**ORDER**

STMicroelectronics Inc. ("STM") filed this Motion for Leave to Amend Preliminary Infringement Contentions. (Docket #61). STM has accused Sandisk of infringing six patents. STM contends that the patents can be divided by function into three general categories: algorithim patents; packaging patents; and the electrostatic discharge patents ("ESD"). STM states that when it served its preliminary contentions on September 7, 2005, its investigation of the scope of Sandisk's infringement was *ongoing.* It contends that it expressly reserved its right to amend its disclosures. STM seeks to *clarify* its preliminary infringement contentions to identify with more particularity the products accused of infringing. It also seeks to add more products in the same "Sandisk families" that were originally accused. STM then represents to the Court that the information necessary to allow STM to accuse these products was previously unavailable to STM despite its diligence.

Patent Rule 3-7 allows amendments to preliminary infringement contentions only by order of the Court, which shall be entered on a showing of good cause. Although the parties rarely agree on issues, neither disagree on the requirements for a showing of good cause. The Fifth Circuit has applied a four part test to determine whether a district court's refusal to modify a scheduling order was an abuse of discretion as well as whether untimely motions to amend pleadings should be

1

allowed. This Court finds that the same test should be applied to this case. The Court considers the following factors: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (*quoting Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)); *S&W Enterprises, LLC v. South Bank of Alabama*, NA, 315 F.3d 533 (5th Cir. 2003).

As expected, STM contends that it has demonstrated good cause while Sandisk maintains that STM has not demonstrated good cause. The instant action was filed on February 4, 2005. Preliminary Infringement Contentions were due on September 7, 2005, approximately seven months after suit was filed. STM's reasons for its failure to identify numerous products which infringe rest on two premises. First, many of the products were not in the public domain at the time suit was filed, and because of Sandisk's "stonewalling" on discovery issues, much information was not disclosed which would have disclosed additional products. The Patent Rules demonstrate high expectations as to plaintiff's preparedness before bringing suit, requiring plaintiff to disclose its preliminary infringement contentions before discovery has even begun. *See Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 ( E.D. Tex. 2005).

Frustrated by the parties' inability to agree on when information was readily known concerning the products STM seeks to add, the Court entered an order on July 6, 2006, ordering each party to file affidavits under the penalty of perjury as to when information regarding particular products was available in the public domain or otherwise. STM has filed its response to the Magistrate Judge's Order and Sandisk has filed its response to the "Magistrate's" Order.

The Court has had the "benefit" of ruling on a number of previous motions in the 4:05cv44

case ("44"). That case involved the same parties but only dealt with a single process patent. In April 2004, STM attempted to initiate licensing agreements with Sandisk on the patents at issue in this suit. The attempts were futile. Since these patents had been identified, the Court finds that STM could have diligently began testing Sandisk products at that time. Surely STM knew that some of Sandisk's products might potentially infringe. Yet, STM waited almost ten months to file suit and, according to its affidavits, STM waited almost seven months after the April letter before it began to purchase potentially infringing Sandisk products.

The Court has reviewed each of the affidavits submitted by the parties and addresses the patents in the groups identified in the briefs.

**Algorithm Patents (184, 626)**

STM seeks to add Sandisk products that incorporate a circuit with a "1G/2G, EWB1, or EVG8" marking on the product's silicon die. The affidavits of Dodd and Blumberg detail that purchase of products occurred over a 14 month period starting shortly before suit was filed and continuing for almost a year after suit was filed. As to the algorithm patents, Dodd states that Sandisk products, with the same part designation or capacity, can and do contain different controllers or flash memory chips made or designed by the same or different manufacturers or entities. As to the controllers, the Court is aware of two primary manufacturers that have come to light in the 44 suit: Tower and UMC. In any event, Dodd states that reverse engineering reports can take months to create for each flash memory design. The original preliminary infringement contentions identified specific product groups. The amended contentions sought to focus on "markings" found on the silicon for the memory die inside the product. Rainforth's affidavit states that it is difficult to

3

identify products based only on markings. The Court finds that as to the algorithm patents, the amendment should be allowed as to the product or products with the accused logo EXJO 4/G/8G Nand Flash EEPROM. Sandisk has identified this end product description as SDMSPD-1024. Other products bearing the description for which STM seeks to amend were sufficiently available in the market place well prior to the date of the amendment deadline. Therefore, the amendment as to products containing a circuit with the markings "1G/2G, EWB1, EVG8 and EVG9 2G/4/G N and Flash EEPROM" is DENIED.

### Packaging Patents (581,816)

At best, Blumberg's affidavit reflects that he was continually purchasing products even after the preliminary contentions were due at the request of STM. Sandisk has submitted Peter Manibo's affidavit. His affidavit unequivocally demonstrates that all products were readily available prior to the Court's deadline. Only one product was shipped in late August 2005, Memory Stick Pro Duo (Gaming) 2GB. STM is granted leave to amend as to that product. All other relief for amendment as to products identified is DENIED.

### ESD Patents (768,720)

As to the ESD patents, Sandisk contends that STM initially identified three broad product groups and a single controller. Sandisk contends that the amendment seeks to add hundreds of product families which would comprise thousands of different commercial products based on the identification of ten new controller designs. Sandisk contends that this new amendment adds 38 new controllers. The Court has reviewed the requested amendment as to the accused designs. According

to Bell's affidavit, controllers containing many of these designs would have been released as early as 2003, the latest sometime in 2004. The Court denies STM's request to amend as to the ESD patents.

## CONCLUSION

In considering the standard articulated by the Fifth Circuit, the Court finds that STM has failed to demonstrate good cause. The affidavits demonstrate that most all the products were readily available in the marketplace well prior to the September deadline. The Court finds that STM was not diligent in its investigation and the affidavit of Blumberg only supports this conclusion. To allow the amendment opens a flood gate of new products. Sandisk has sufficiently outlined the increased burden in assimilating and producing responsive documents that would be required. The Court finds that a continuance at the time of the requested amendment and certainly at this late date is not warranted. The parties who file and participate in these cases know the rules and should be aware that there is little room for unpreparedness. Although the parties were involved in other litigation, that is of little consequence. The Court finds that some of the information in suit 44 certainly could have been analyzed in the instant case insuring full compliance with the deadline in this case. It is, therefore,

**ORDERED, ADJUDGED and DECREED** that STMicroelectronics Inc.'s Motion for Leave to Amend Preliminary Infringment Contentions is GRANTED in part and DENIED in part as noted herein.

**SIGNED this 6th day of September, 2006.**

5

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE